UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 2:02-00012

JERRY WAYNE SEABOLT


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER

On July 6, 2005, the United States of America appeared by Steven I. Loew, Assistant United States Attorney, and the defendant, Jerry Wayne Seabolt, appeared in person and by his counsel, Edward H. Weis, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Keith E. Zutaut, the defendant having commenced a three-year term of supervised release in this action on February 19, 2004, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on April 1, 2002.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court

found that the defendant has violated the conditions of super-
vised release in the following respects: (1) that the defendant
violated state and local law inasmuch as he was cited in Belpre,
Ohio, on January 31, 2005, for speeding and driving on a revoked
driver's license, and on May 7, 2005, for disorderly conduct by
voluntary intoxication for which bench warrants were issued for
both offenses on March 1, 2005, as evidenced by the defendant's
admission on the record of the hearing; (2) that the defendant
violated state and local law inasmuch as he was arrested in
Belpre, Ohio, for driving under the influence, driving on a
revoked license and speeding on May 16, 2005, at which time he
failed the field sobriety test and his blood alcohol registered
as .224, as evidenced by his admission on the record of the
hearing; (3) that the defendant traveled outside of the district
to Belpre, Ohio, as set forth above without permission from the
court or the probation officer; (4) that the defendant failed to
notify the probation officer ten days prior to any change of
residence inasmuch as he advised the probation officer that he
was living on Cyprus Street in Parkersburg, West Virginia, when
in fact he was living on Market Street in Parkersburg, West
Virginia; (5) that the defendant used alcohol excessively inas-
much as he was cited for public intoxication and driving under

2

the influence of alcohol as set forth above; (6) that the

defendant failed to notify the probation officer of his contact

with law enforcement on January 30 and May 7, 2005; all as

admitted by the defendant on the record of the hearing and as set

forth in the petition on supervised release.

And the court finding, as more fully set forth on the

record of the hearing, that the violations warrant revocation of

supervised release and, further, that it would unduly depreciate

the seriousness of the violations if supervised release were not

revoked, it is ORDERED that the supervised release previously

imposed upon the defendant in this action be, and it hereby is,

revoked.

And the court having complied with the requirements of

Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Pro-

cedure, and finding, on the basis of the original offense and the

intervening conduct of the defendant, that the defendant is in

need of correctional treatment which can most effectively be

provided if he is confined, it is accordingly ORDERED that the

defendant be, and he hereby is, committed to the custody of the

United States Bureau of Prisons for imprisonment for a period of

TWELVE MONTHS AND ONE DAY, to be followed by a term of TWO YEARS

3

LESS ONE DAY supervised release, upon the sixteen standard conditions of supervised release in effect in this district and the further condition that the defendant not commit another federal, state or local crime and the special condition that he participate in a drug treatment program as designated by the probation officer such as the PARCER program or a similar residential program with an after-care program.  It is further ORDERED that, with respect to defendant's twelve-month-and-one-day term of imprisonment, he shall receive credit for time served while in custody awaiting hearing and sentencing from June 1, 2005, to July 6, 2005.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: July 22, 2005

John T. Copenhaver, Jr.
United States District Judge

4